**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

January 24, 2013

MEMORANDUM TO COUNSEL

    Re:    *Turner v. Action Sweeping Services, LLC, et al.*
            Civil Action No. ELH-12-3569

Dear Counsel:

    As you know, on December 5, 2012, this matter was removed by defendants from the Circuit Court for Baltimore County, Maryland. In an Order dated December 26, 2012 (ECF 11), I drew counsel's attention to the fact that neither the Notice of Removal (ECF 1) nor defendants' response (ECF 10) to the Court's Standing Order Concerning Removal (ECF 8) made clear the date on which defendants were first served with a copy of plaintiff's pleading. Indeed, in the response to the Standing Order, defense counsel affirmatively stated that his clients could not remember the dates on which they were served, and that counsel had been unable to verify the dates independently. However, knowledge of the date of service is necessary to determine whether removal is timely, under 28 U.S.C. § 1446(b)(1), as well as the deadline for defendants to file a responsive pleading, under Fed. R. Civ. P. 81(c).

    On January 2, 2013, plaintiff filed a motion to remand (ECF 12), asserting that, not only did defendants fail to allege facts sufficient to establish that removal was timely, but that removal was in fact untimely. According to affidavits of service submitted as exhibits to the motion to remand, defendant Clinton Routh was served with the summons and complaint on October 23, 2012, and defendant Action Sweeping Services, LLC was served on October 24, 2012. Title 28 U.S.C. § 1446(b)(1) provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Accordingly, defendants' removal on December 5, 2012, more than thirty days after service on either defendant, was untimely.

    Title 28 U.S.C. § 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Plaintiff's motion to remand is timely. Defendants have not filed any response to the motion to remand, and the time for them to do so has expired. *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(d). Therefore, the evidence supporting plaintiff's motion to remand is uncontroverted and, in any event, the defendant has failed even to plead facts sufficient to show a timely removal. Moreover, defendant has failed to articulate any basis to excuse the untimely removal of the case.

- 2 -

Accordingly, pursuant to the Order that accompanies this Memorandum, this case will be remanded to the Circuit Court for Baltimore County.[1]

> Very truly yours,
>
> /s/
>
> Ellen Lipton Hollander
> United States District Judge

---

[1] 28 U.S.C. § 1447(c) authorizes a court to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, plaintiff has not requested an award of costs, expenses, or attorneys fees. Therefore, none will be awarded.